IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY R EDWARDS,<br><br>   **Plaintiff,**<br><br>v.<br><br>F&M PROPERTY MANAGEMENT,<br><br>   **Defendant.** | Case No. 22-CV-00495-SEH-SH |

## OPINION AND ORDER

Before the Court is Defendant's second motion to dismiss for failure to effectuate service of summons. [ECF No. 28]. The motion is granted for the reasons stated below.

**I. Background**

Defendant previously moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 4(c)(2) & 12(b)(5). [ECF No. 6]. That motion was granted in part and denied in part. [ECF No. 24]. Although the Court found that service was improper, the Court quashed Plaintiff's service instead of dismissing the complaint. [*Id.* at 2–3]. Plaintiff was allowed until October 26, 2023 to effectuate service of process on Defendant. [*Id.* at 3]. The Court warned Plaintiff that failure to timely obtain proper service of process would result in

dismissal. [*Id.*]. Nothing in the record indicates that Plaintiff has properly effected service of process on Defendant.

Defendant asks the Court to dismiss the Complaint for failure to effect service of process under Fed. R. Civ. P. 12(b)(5). [ECF No. 28]. Plaintiff has not responded to Defendant's motion.

## II. Discussion

The Court cannot exercise personal jurisdiction over a defendant that has not been properly served with the complaint and summons. *Harvey v. Filart*, No. 19-CV-00260-TCK-CDL, 2021 WL 4616088, at *2 (N.D. Okla. Oct. 6, 2021). Because service of process implicates personal jurisdiction, it is a "prerequisite to proceeding further in a case." *Id.* (citation and quotation marks omitted). "[P]laintiff bears the burden of proving that service was properly made." *Dunagan v. Lehnus*, No. 20-CV-0393-CVE-JFJ, 2021 WL 1234522, at *2 (N.D. Okla. Apr. 1, 2021); *see also* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").

Plaintiff must do so by making a "prima facie case that he has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendants." *Dunagan*, 2021 WL 1234522, at *2. (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)).

Plaintiff may establish proper service of process by submitting "affidavits and other documentary evidence for the court's consideration, and plaintiff is entitled to the benefit of any factual doubt." *Harvey*, 2021 WL 4616088, at *2 (citation and quotation marks omitted).

The Court should ordinarily quash service rather than dismiss the action when insufficient service on a defendant can be cured. [ECF No. 24 at 2–3] (citing *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 (10th Cir. 1983)). In this case, however, Plaintiff has already been given the opportunity to cure the deficiency with his previous service attempt. Because Plaintiff did not obtain service after being given an opportunity to do so, dismissal is appropriate. *See El C Logan v. Oklahoma City Police Dep't*, No. CIV-22-1083-F, 2023 WL 2995905, at *3 (W.D. Okla. Apr. 18, 2023).

The Court acknowledges that Defendant seeks dismissal of the complaint rather than dismissal of the entire action. However, Fed. R. Civ. P. 4(m) states that "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--<u>must dismiss the action</u> without prejudice against that defendant or order that service be made within a specified time." (emphasis added). Although the Court may grant plaintiff a permissive extension of time to serve Defendant, there is no justification for that in the record, especially considering

Plaintiff's failure to respond to Defendant's motion and to provide any other justification for an extension.

### III. <u>Conclusion</u>

For the reasons stated above, Defendant's second motion to dismiss for failure to effectuate service of summons is GRANTED. This action is DISMISSED WITHOUT PREJUDICE. A separate judgment will be entered.

DATED this 28th day of March 2025.

_Sara E. Hill_
Sara E. Hill
UNITED STATES DISTRICT JUDGE